## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

UNITED STATES OF AMERICA

v.

CHRISTINE GUARDINO
     A/K/A CHRISTINE CAREY-GUARDINO
CHRISTINA BARO

No. 2:25-cr-00 100 -JAW

### INDICTMENT

The Grand Jury charges:

### GENERAL ALLEGATIONS

#### *Introduction*

At all times relevant to this Indictment:

1.     Credit Union 1 ("CU-1") was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund through the National Credit Union Administration.

2.     Credit Union 2 ("CU-2") was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund through the National Credit Union Administration.

3.     Credit Union 3 ("CU-3") was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund through the National Credit Union Administration.

4.      Credit Union 4 ("CU-4") was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund through the National Credit Union Administration.

5.      Credit Union 5 ("CU-5") was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund through the National Credit Union Administration.

6.      Credit Union 6 ("CU-6") was a financial institution whose deposits were insured by the National Credit Union Share Insurance Fund through the National Credit Union Administration.

7.      Bank 1 ("BA-1") was a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC").

8.      The following victims maintained one or more accounts at the following institutions. Those victims were authorized to access their own account(s).

| Victim A-1 and Victim A-2 | CU-2 |
| Victim B-1 and Victim B-2 | CU-1 |
| Victim C-1 and Victim C-2 | CU-3 |
| Victim C-2 | BA-1 |
| Victim C-4 and Victim C-5 | CU-3 |
| Victim C-6 | CU-2 |
| Victim C-7 | CU-4 |
| Victim C-8 | BA-1 |
| Victim C-10 | BA-1 |
| Victim C-11 | CU-5 |

| Victim C-13 | CU-6 |
|-------------|------|
| Victim C-15 | CU-3 |

9.    Defendants ████████████████████████████

████████████████████████████████████████████

████████████████████    **CHRISTINE GUARDINO (A/K/A**

**CHRISTINE CAREY-GUARDINO), and CHRISTINA BARO** (collectively, "the

DEFENDANTS") were not authorized to access the accounts held by the victims

identified in paragraph 8.

## COUNT ONE
(Conspiracy to Commit Bank Fraud)

10.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated

by reference.

11.    Beginning at an unknown time, but no later than on about February 21,

2023, and continuing until at least May 12, 2023, in the District of Maine, the District

of New Hampshire, and elsewhere, the DEFENDANTS

████████████████████████████████████████████

**CHRISTINE GUARDINO A/K/A CHRISTINE CAREY-GUARDINO, and
CHRISTINA BARO**

together and with others, known and unknown, willfully and knowingly combined,

conspired, and agreed to commit offenses against the United States, namely, bank fraud

in violation of 18 U.S.C. § 1344. Specifically, they conspired and agreed to knowingly and

willfully devise, execute, and attempt to execute a scheme and artifice to defraud

financial institutions whose deposits were then insured by the FDIC and the National

3

Credit Union Share Insurance Fund and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of financial institutions by means of materially false and fraudulent pretenses, representations, and promises.

## OBJECT OF THE CONSPIRACY

12.    It was the object of the conspiracy to fraudulently obtain and attempt to obtain money, funds, credits, assets, and other property owned by and under the custody and control of financial institutions by presenting, and causing others, known and unknown, to present  fraudulent instruments as forms of identification and other means of identification to identify and attempt to identify themselves as, and impersonate, persons authorized to access victims' accounts and (a) withdraw U.S. Currency from victims' accounts, (b) purchase cashier's checks with funds from victims' accounts, and (c) cash checks purchased with funds from victims' accounts.

## MANNER AND MEANS OF THE CONSPIRACY

13.    The DEFENDANTS and others, known and unknown, used the following manner and means to carry out the conspiracy.

14.    They purchased and obtained, without lawful authorization, personally identifying information ("PII") and means of identification for victims and shared and exchanged such PII and means of identification between and amongst co-conspirators.

15.    They recruited, and caused others to recruit, accomplices and co-conspirators. They photographed, and caused others to photograph, such accomplices and co-conspirators.

16.    They purchased and obtained false, forged, counterfeited, and altered United States passports and instruments purporting to be United States passports, driver's licenses, and other forms of identification containing PII and means of

4

identification for victims but bearing images of the accomplices and co-conspirators.

17.    DEFENDANTS, accomplices, and co-conspirators who entered financial institutions received the false, forged, counterfeited, and altered passports and instruments purporting to be passports, driver's licenses, and other forms of identification for each victim they were to impersonate at a financial institution.

18.    Other DEFENDANTS who did not enter the financial institutions provided the false, forged, counterfeited, and altered passports and instruments purporting to be passports, driver's licenses, and other forms of identification to the DEFENDANTS, accomplices, and co-conspirators who entered the financial institutions.

19.    In at least one instance, DEFENDANTS shipped and caused to be shipped such forms of identification to the District of Maine.

20.    They traveled, and caused others to travel, to Maine, New Hampshire, and other districts to engage in acts in furtherance of the conspiracy and scheme to defraud. They drove, and caused others to drive, DEFENDANTS, accomplices, and co-conspirators to financial institutions in Maine, New Hampshire, and elsewhere.

21.    The DEFENDANTS entered, and caused others to enter, financial institutions, including those identified in paragraphs 1 through 7 of this Indictment, whose deposits were then insured by the FDIC and the National Credit Union Share Insurance Fund.

22.    At each financial institution, a DEFENDANT, accomplice, and co-conspirator presented a false, forged, counterfeited, and altered passport and instrument purporting to be United States passports, driver's licenses, and other form of identification containing PII and means of identification for a victim but bearing an image of the DEFENDANT, accomplice, and co-conspirator. The DEFENDANT,

5

accomplice, and co-conspirator thereby identified and attempted to identify themself as the victim, an individual authorized to access the victim's account at that financial institution. The accomplice and co-conspirator then withdrew and attempted to withdraw U.S. Currency from victim's accounts, purchased and attempted to purchase cashier's checks with funds from the victim's account, and cashed and attempted to cash checks purchased with funds from a victim's account.

23.    DEFENDANTS, accomplices, and co-conspirators who entered financial institutions sometimes received drugs and money in payment.

24.    Other DEFENDANTS who did not enter the financial institutions but were present for a given trip to financial institutions waited in a vehicle nearby each financial institution and took the money obtained from each financial institution.

All in violation of 18 U.S.C. §§ 1349 and 1344.

## COUNT TWO
(Conspiracy to Commit False Use of a Passport)

25.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

26.    Beginning at an unknown time, but no later than on about February 21, 2023, and continuing until at least May 12, 2023, in the District of Maine, the District of New Hampshire, and elsewhere, the DEFENDANTS

**CHRISTINE GUARDINO A/K/A CHRISTINE CAREY-GUARDINO, and CHRISTINA BARO**

together and with others, known and unknown, willfully and knowingly combined, conspired, and agreed to commit offenses against the United States, namely, false use of

6

a passport in violation of 18 U.S.C. § 1543. Specifically, they conspired and agreed to knowingly and willfully use, attempt to use, and furnish to others for use, false, forged, counterfeited, and altered United States passports and instruments purporting to be United States passports.

## OBJECT OF THE CONSPIRACY

27.     It was the object of the conspiracy to use, attempt to use, and furnish to others for use such false, forged, counterfeited, and altered United States passports and instruments purporting to be United States passports as means and forms of identification to identify and attempt to identify themselves and others as individuals authorized to access victims' accounts at financial institutions. At each financial institution, the DEFENDANT, co-conspirator, and accomplice impersonating a victim then withdrew and attempted to withdraw U.S. Currency from victim's accounts, purchased and attempted to purchase cashier's checks with funds from the victim's account, and cashed and attempted to cash checks purchased with funds from a victim's account.

## MANNER AND MEANS OF THE CONSPIRACY

28.     The DEFENDANTS and others, known and unknown, used the following manner and means to carry out the conspiracy.

29.     They purchased and obtained, without lawful authorization, personally identifying information ("PII") and means of identification for victims and shared and exchanged such PII and means of identification between and amongst co-conspirators.

30.     They recruited, and caused others to recruit, accomplices and co-conspirators. They photographed, and caused others to photograph, such accomplices and co-conspirators.

31.     They purchased and obtained false, forged, counterfeited, and altered United States passports and instruments purporting to be United States passports containing PII and means of identification for victims but bearing images of the accomplices and co-conspirators.

32.     DEFENDANTS, accomplices, and co-conspirators who entered financial institutions received the false, forged, counterfeited, and altered passports and instruments purporting to be passports for each victim they were to impersonate at a financial institution.

33.     Other DEFENDANTS who did not enter the financial institutions furnished the false, forged, counterfeited, and altered passports and instruments purporting to be passports to the DEFENDANTS, accomplices, and co-conspirators who entered the financial institutions.

34.     They traveled, and caused others to travel, to Maine, New Hampshire, and other districts to engage in acts in furtherance of the conspiracy and scheme to defraud. They drove, and caused others to drive, DEFENDANTS, accomplices, and co-conspirators to financial institutions in Maine, New Hampshire, and elsewhere.

35.     The DEFENDANTS entered, and caused others to enter, financial institutions.  At each financial institution, a DEFENDANT, accomplice, and co-conspirator used and presented a false, forged, counterfeited, and altered passport and instrument purporting to be a passport containing PII and means of identification for a victim but bearing an image of the DEFENDANT, accomplice, and co-conspirator. The DEFENDANT, accomplice, and co-conspirator thereby identified and attempted to identify themself as the victim, an individual authorized to access the victim's account at that financial institution.

8

**OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY**

36.     In furtherance of the conspiracy and in order to bring about the objects thereof, at least one of the DEFENDANTS, and others known and unknown, committed and caused to be committed numerous overt acts, including but not limited to the following.

a.   On about the date identified below, DEFENDANTS ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ obtained PII and means of identification for the victims identified below from others via the Telegram messaging application.

| **Date** | **Defendant** | **Victim** | **PII/Means of Identification** |
|---|---|---|---|
| 2/21/2023 | | B-1 | Social security number and date of birth |
| 4/3/2023 | | C-1 and C-3 | Social security number and date of birth |
| 4/3/2023 | | C-4 | Social security number |
| 4/4/2023 | | C-6 | Social security number and date of birth |
| 4/11/2023 | | C-7 | Social security number and date of birth |
| 4/11/2023 | | C-11 | Social security number and date of birth |
| 5/9/2023 | | A-1 | Social security number and driver's license number |

DEFENDANTS ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮ or others with whom they conspired then purchased and obtained false, forged, counterfeited, and altered passports and instruments purporting to be passports containing PII and means of identification for victims but bearing images of the DEFENDANTS,

9

accomplices, and co-conspirators. They then furnished those passports and instruments to others for use.

b.  On about the dates identified below, the DEFENDANTS and others with whom they conspired used and attempted to use the false, forged, counterfeited, and altered passports and instruments purporting to be passports containing PII and means of identification for the following victims at the following financial institutions.

| Date | Defendant/Other | Victim | Institution |
|------|-----------------|--------|-------------|
| 2/23/2023 | Arlene Sands | B-1 | CU-1 Portland, Maine |
| 4/3/2023 | | C-1 | CU-3 Exeter, New Hampshire |
| 4/3/2023 | | C-1 | CU-3 Hooksett, New Hampshire |
| 4/6/2023 | Christine Guardino | C-6 | CU-2 Saco, Maine |
| 4/20/2023 | | C-8 | BA-1 Portsmouth, New Hampshire |
| 4/20/2023 | Christina Baro | C-10 | BA-1 Eliot, Maine |
| 4/21/2023 | Christine Guardino | C-11 | CU-5 South Portland, Maine |
| 5/11/2023 | Lisa Campos | A-1 | CU-2 Freeport, Maine |

All in violation of 18 U.S.C. §§ 371 and 1543.

## COUNT 3
(Bank Fraud)

37.  Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

38.  On about the date set forth below, in the District of Maine, DEFENDANTS

10

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of that financial institution, by means of materially false and fraudulent pretenses, representations, and promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|-------|------|-------------|-----|
| 3 | 4/6/2023 | CU-3 Westbrook, Maine | presented an instrument purporting to be an identification card bearing Victim C-4's name and presented the last four digits of Victim C-4's social security number as form of identification to CU-3 to withdraw money from Victim C-4 and Victim C-5's account. |

All in violation of 18 U.S.C. §§ 1344 and 2.

### COUNTS 4 and 5
(Bank Fraud)

39.     Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

40.     On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of that financial institution, by means of materially false and fraudulent pretenses, representations, and

11

promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|---|---|---|---|
| 4 | 4/20/2023 | BA-1 Kittery, Maine | ▓▓▓▓▓▓ presented an instrument purporting to be a Maryland driver's license bearing Victim C-9's name as form of identification to BA-1 to cash a check purchased with and drawn from Victim C-8's account and made payable to Victim C-9. |
| 5 | 4/20/2023 | BA-1 York, Maine | ▓▓▓▓▓▓ presented an instrument purporting to be a Maryland driver's license bearing Victim C-9's name as form of identification to BA-1 to cash a check purchased with and drawn from Victim C-10's account and made payable to Victim C-9. |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT 6
### (Bank Fraud)

41.     Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

42.     On about the date set forth below, in the District of Maine, DEFENDANTS

**CHRISTINE GUARDINO**

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of that financial institution, by means of materially false and fraudulent pretenses, representations, and promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|---|---|---|---|
| 6 | 4/21/2023 | CU-5 | Christine Guardino presented an instrument |

| | | South Portland, Maine | purporting to be a United States passport card bearing Victim C-11's name as form of identification to CU-5 to withdraw money from Victim C-11's account and to attempt to purchase checks with funds drawn from Victim C-11's account and made payable to Victim C-9 and Victim C-12. |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT 7
(Bank Fraud)

43.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

44.    On about the date set forth below, in the District of Maine, DEFENDANTS

**CHRISTINE GUARDINO**

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of that financial institution, by means of materially false and fraudulent pretenses, representations, and promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|-------|------|-------------|-----|
| 7 | 4/6/2023 | CU-2 Saco, Maine | Christine Guardino presented an instrument purporting to be a United States passport card bearing Victim C-6's name and confirmed the last four digits of Victim C-6's social security number as form of identification to CU-2 to withdraw money from Victim C-6's account and to obtain a cashier's check purchased with and drawn from Victim C-6's account and made payable to Victim C-4. |

13

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS 8 and 9
(Bank Fraud)

45.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

46.    On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

### CHRISTINA BARO

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of that financial institution, by means of materially false and fraudulent pretenses, representations, and promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|---|---|---|---|
| 8 | 4/20/2023 | BA-1 Eliot, Maine | Christina Baro presented an instrument purporting to be a United States passport card bearing Victim C-10's name as form of identification to BA-1 to withdraw money from Victim C-10's account and to obtain a cashier's check purchased with and drawn from Victim C-10's account and made payable to Victim C-9. |
| 9 | 4/20/2023 | BA-1 Eliot, Maine | Christina Baro presented an instrument purporting to be a United States passport card bearing Victim C-10's name as form of identification to BA-1 to attempt to withdraw money from Victim C-10's accounts. |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT 10
(Bank Fraud)

47.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

48.    On about the date set forth below, in the District of Maine, DEFENDANTS

knowingly and willfully executed and attempted to execute a scheme and artifice to defraud a federally insured financial institution and to obtain money, funds, credits, assets, and other property owned by and under the custody and control of that financial institution, by means of materially false and fraudulent pretenses, representations, and promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|-------|------|-------------|-----|
| 10 | 2/23/2023 | CU-1 Portland, Maine | Arlene Sands presented an instrument purporting to be a United States passport card bearing Victim B-1's name and date of birth as form of identification to CU-1 to attempt to withdraw money from Victim B-1 and Victim B-2's account. |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNTS 11 through 13
(Bank Fraud)

49.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

50.    On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

15

knowingly and willfully executed and attempted to execute a scheme and artifice to

defraud a federally insured financial institution and to obtain money, funds, credits,

assets, and other property owned by and under the custody and control of that financial

institution, by means of materially false and fraudulent pretenses, representations, and

promises as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act |
|-------|------|-------------|-----|
| 11 | 5/10/2023 | CU-2 Sanford, Maine | Lisa Campos presented an instrument purporting to be a United States passport card bearing Victim A-1's name and date of birth as form of identification to CU-2 to withdraw money from Victim A-1 and Victim A-2's account. |
| 12 | 5/11/2023 | CU-2 Topsham, Maine | Lisa Campos presented an instrument purporting to be a United States passport card bearing Victim A-1's name and date of birth as form of identification to CU-2 to attempt to withdraw money from Victim A-1 and Victim A-2's account. |
| 13 | 5/11/2023 | CU-2 Freeport, Maine | Lisa Campos presented an instrument purporting to be a United States passport card bearing Victim A-1's name and date of birth as form of identification to CU-2 to attempt to withdraw money from Victim A-1 and Victim A-2's account. |

All in violation of 18 U.S.C. §§ 1344 and 2.

## COUNT 14
### (False Use of a Passport)

51.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated

by reference.

52.    On about February 23, 2023, in the District of Maine, DEFENDANTS

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered United States passport and instrument purporting to be a United States passport, an aided and abetted such conduct. Specifically, Arlene Sands presented an instrument purporting to be a United States passport card bearing Victim B-1's name and date of birth as a form of identification to CU-1.

All in violation of 18 U.S.C. §§ 1543 and 2.

## COUNT 15
(False Use of a Passport)

53.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

54.    On about April 6, 2023, in the District of Maine, DEFENDANTS

**CHRISTINE GUARDINO**

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered United States passport and instrument purporting to be a United States passport, an aided and abetted such conduct. Specifically, Christine Guardino presented an instrument purporting to be a United States passport card bearing Victim C-6's name as a form of identification to CU-2.

All in violation of 18 U.S.C. §§ 1543 and 2.

## COUNT 16
(False Use of a Passport)

55.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated

17

by reference.

56.    On about April 20, 2023, in the District of Maine, DEFENDANTS

**CHRISTINA BARO**

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered United States passport and instrument purporting to be a United States passport, an aided and abetted such conduct. Specifically, Christina Baro presented an instrument purporting to be a United States passport card bearing Victim C-10's name as a form of identification to BA-1.

All in violation of 18 U.S.C. §§ 1543 and 2.

<u>**COUNT 17**</u>
(False Use of a Passport)

57.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

58.    On about April 21, 2023, in the District of Maine, DEFENDANTS

**CHRISTINE GUARDINO**

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered United States passport and instrument purporting to be a United States passport, an aided and abetted such conduct. Specifically, Christine Guardino presented an instrument purporting to be a United States passport card bearing Victim C-11's name as a form of identification to CU-5.

All in violation of 18 U.S.C. §§ 1543 and 2.

### COUNTS 18 through 20
(False Use of a Passport)

59.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

60.    On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

willfully and knowingly used and attempted to use a false, forged, counterfeited, and altered United States passport and instrument purporting to be a United States passport, an aided and abetted such conduct. Specifically, Lisa Campos presented an instrument purporting to be a United States passport card bearing Victim A-1's name and date of birth as a form of identification to CU-2 at the branch set forth in each Count.

| Count | Date | Branch |
|-------|------|--------|
| 18 | 5/10/2023 | CU-2, Sanford, Maine |
| 19 | 5/11/2023 | CU-2, Topsham, Maine |
| 20 | 5/11/2023 | CU-2, Freeport, Maine |

All in violation of 18 U.S.C. §§ 1543 and 2.

### COUNT 21
(Aggravated Identity Theft)

61.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

62.    On about the date set forth below, in the District of Maine, DEFENDANTS

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth below during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 3, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act and Means of Identification |
|-------|------|-------------|--------------------------------|
| 21 | 4/6/2023 | CU-3 Westbrook, Maine |                    possessed and presented Victim C-4's name and the last four digits of Victim C-4's social security number to CU-3 to withdraw money from Victim C-4 and Victim C-5's account. |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

**COUNTS 22 and 23**
(Aggravated Identity Theft)

63.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

64.    On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth in each Count during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 4 as to Count 22, and as

20

alleged in Count 5 as to Count 23, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| Count | Date | Financial Institution | Act and Means of Identification |
|-------|------|----------------------|--------------------------------|
| 22 | 4/20/23 | BA-1 Kittery, Maine | ▨ possessed and presented Victim C-9's name and a signature that purported to be Victim C-9's signature to BA-1 to cash a check purchased with and drawn from Victim C-8's account and made payable to Victim C-9. |
| 23 | 4/20/23 | BA-1 York, Maine | ▨ possessed and presented Victim C-9's name and a signature that purported to be Victim C-9's signature to BA-1 to cash a check purchased with and drawn from Victim C-10's account and made payable to Victim C-9. |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

## COUNT 24
(Aggravated Identity Theft)

65.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

66.    On about the date set forth below, in the District of Maine, DEFENDANTS

**CHRISTINE GUARDINO**

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth below during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 6, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act and Means of Identification |
|-------|------|-------------|-------------------------------|
| 24 | 4/21/2023 | CU-5 South Portland, Maine | Christine Guardino possessed and presented Victim C-11's name and the last four digits of Victim C-11's social security number to CU-5 to withdraw money from Victim C-11's account and to attempt to purchase checks with funds drawn from Victim C-11's account and made payable to Victim C-9 and Victim C-12. |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

## COUNT 25
(Aggravated Identity Theft)

67.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

68.    On about the date set forth below, in the District of Maine, DEFENDANTS

### CHRISTINE GUARDINO

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth below during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 7, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act and Means of Identification |
|-------|------|-------------|-------------------------------|
| 25 | 4/6/2023 | CU-2 Saco, Maine | Christine Guardino possessed and presented Victim C-6's name and the last four digits of Victim C-6's social security number to CU-2 to withdraw money from Victim C-6's |

22

| | | | account and to obtain a cashier's check purchased with and drawn from Victim C-6's account and made payable to Victim C-4. |
|---|---|---|---|

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

**COUNTS 26 and 27**
(Aggravated Identity Theft)

69.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

70.    On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

**CHRISTINA BARO**

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth in each Count during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 8 as to Count 26, and as alleged in Count 9 as to Count 27, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act and Means of Identification |
|---|---|---|---|
| 26 | 4/20/2023 | BA-1 Eliot, Maine | Christina Baro possessed and presented Victim C-10's name and a signature that purported to be victim C-10's signature to BA-1 to withdraw money from Victim C-10's account and to obtain a cashier's check purchased with and drawn from Victim C-10's account and made payable to Victim C-9. |

| 27 | 4/20/2023 | BA-1 Eliot, Maine | Christina Baro possessed and presented Victim C-10's name and a signature that purported to be victim C-10's signature to BA-1 to attempt to withdraw money from Victim C-10's accounts. |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

## COUNT 28
### (Aggravated Identity Theft)

71.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

72.    On about the date set forth below, in the District of Maine, DEFENDANTS

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth below during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 10, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| **Count** | **Date** | **Institution** | **Act and Means of Identification** |
|---|---|---|---|
| 28 | 2/23/2023 | CU-1 Portland, Maine | Arlene Sands possessed and presented Victim B-1's name and date of birth to CU-1 to attempt to withdraw money from Victim B-1 and Victim B-2's account. |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

## COUNT 29 through 31
(Aggravated Identity Theft)

73.    Paragraphs 1 through 9 of this Indictment are re-alleged and incorporated by reference.

74.    On about the dates set forth below in each Count, in the District of Maine, DEFENDANTS

knowingly possessed and used, without lawful authority, a means of identification of the victim set forth in each Count during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), specifically, bank fraud in violation of Title 18, United States Code, Section 1344 as alleged in Count 11 as to Count 29, as alleged in Count 12 as to Count 30, and as alleged in Count 13 as to Count 31, knowing that the means of identification belonged to another actual person as follows, and aided and abetted such conduct:

| Count | Date | Institution | Act and Means of Identification |
|-------|------|-------------|---------------------------------|
| 29 | 5/10/2023 | CU-2 Sanford, Maine | Lisa Campos possessed and presented Victim A-1's name and date of birth to CU-2 to withdraw money from Victim A-1 and Victim A-2's account. |
| 30 | 5/11/2023 | CU-2 Topsham, Maine | Lisa Campos possessed and presented Victim A-1's name and date of birth to CU-2 to attempt to withdraw money from Victim A-1 and Victim A-2's account. |
| 31 | 5/11/2023 | CU-2 Freeport, Maine | Lisa Campos possessed and presented Victim A-1's name and date of birth to CU-2 to attempt to withdraw money from Victim A-1 and Victim A-2's account. |

All in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2.

## FIRST FORFEITURE NOTICE

75.     Upon conviction of the offense in violation of Title 18, United States Code, Sections 1349 and 1344, set forth in Count One of this Indictment, the DEFENDANTS

**CHRISTINE GUARDINO A/K/A CHRISTINE CAREY-GUARDINO, and CHRISTINA BARO**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense and, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly indirectly as the result of the offense. The property to be forfeited includes, but is not limited to, a money judgment in the amount of all such proceeds.

76.     If any of the property described in above as being forfeitable pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(a)(2)(A) as a result of any act or omission of the defendant—

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be divided without difficulty;

26

it is the intention of the United States, pursuant to Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described above.

All pursuant to Title 18, United States Code, Section 981(a)(1) and Title 28, United States Code, Section 2461 and Title 18, United States Code, Section 982(a)(2).

## SECOND FORFEITURE NOTICE

77.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1344 and 2, set forth in Counts Three through Thirteen of this Indictment, the DEFENDANTS

**CHRISTINE GUARDINO A/K/A CHRISTINE CAREY-GUARDINO, and CHRISTINA BARO**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds the defendant obtained directly indirectly as the result of the offense including, but not limited to, a money judgment in the amount of all such proceeds.

78.    If any of the property described in above as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), as a result of any act or omission of the defendant—

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the property described above.

All pursuant to Title 18, United States Code, Section 982(a)(2).

## THIRD FORFEITURE NOTICE

79.    Upon conviction of one or more of the offenses in violation of Title 18, United States Code, Sections 1543 and 2, set forth in Counts Fourteen through Twenty of this Indictment, or in violation of Title 18, United States Code, Sections 371 and 1543, set forth in Count Two of this Indictment, the DEFENDANTS

**CHRISTINE GUARDINO A/K/A CHRISTINE CAREY-GUARDINO, and CHRISTINA BARO**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(6)(A)(ii), any property, real or personal, that constitutes or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense and any property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense including, but not limited to:

a.    A money judgment in the amount of all such proceeds; and

b.    Any instrument purporting to be a United State passport card.

All pursuant to Title 18, United States Code, Section 982(a)(6).

A TRUE BILL

_____
Assistant U.S. Attorney
Date:  July 9, 2025

29